CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY FIGARD,

Plaintiff,

v.   No. CIV-98-1329 MV/DJS

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,
RON SHANKS, DIRECTOR OF
ADULT PRISONS DIVISION,
RON LYTLE, KATHY GALLETHA,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Plaintiff's response to the order entered November 5, 1998, and *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's response to the November 5 order asserts that he cannot obtain assistance and is unable to complete the Court-approved forms. Plaintiff's financial certificate filed October 23, 1998, will be construed as a motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #2), and will be granted. Based on the information about plaintiff's financial status, the court finds that Plaintiff is unable to pay an initial partial filing fee pursuant to § 1915(b)(1).

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon



which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that in 1996 Defendant Galletha struck Plaintiff in the head with a fire extinguisher, causing serious injuries from which Plaintiff has still not fully recovered. Plaintiff was shackled at the time of the attack. Defendant Shanks is named as a Defendant because he allegedly knew of past complaints against Defendant Galletha but failed to take any corrective measures. All Defendants are sued in their individual and official capacities.

Plaintiff's claims against Defendants New Mexico Corrections Department and Lytle will be dismissed. In contrast to the specific allegation against Defendant Shanks, the complaint makes no affirmative link between these Defendants and the alleged occurrence. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official or agency may not be based solely on a theory of respondeat superior liability for the actions of subordinates or employees. *Id.*; *Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993). Claims against these

Defendants will be dismissed.

Plaintiff's claims against Defendants Galletha and Shanks in their official capacity will also be dismissed. Insofar as Plaintiff seeks money damages against these Defendants in their official capacity as employees or officials of the State of New Mexico, his action is equivalent to a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). These Defendants are thus not "persons" for purposes of § 1983, *id.*, and claims against them are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's claims against Defendants Galletha and Shanks in their official capacities will be dismissed as frivolous.

Judgment will be entered on Plaintiff's claims in favor of Defendants New Mexico Corrections Department and Lytle, and against Defendants Galletha and Shanks in their official capacities. Because these Defendants are no longer named parties, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's financial certificate, herein construed as a motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #2), filed October 23, 1998, is GRANTED, and the initial partial filing fee is waived;

IT IS FURTHER ORDERED that Plaintiff shall be required to to pay the full amount of the filing fee in monthly payments of twenty per cent (20%) of the preceding month's income credited to his account, or show cause why he has no assets and no means by which to pay the designated filing fee; the Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that if Plaintiff fails to have the designated monthly payments sent to the Clerk by the designated deadline or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee or monthly payments, the complaint will be dismissed without prejudice without further notice;

IT IS FINALLY ORDERED that Plaintiff's claims against Defendants New Mexico Corrections Department and Lytle, and against Defendants Galletha and Shanks in their official capacities, are DISMISSED; it is EXPRESSLY DIRECTED that judgment be entered in favor of these Defendants; and the Clerk is directed to issue summonses for Defendants Galletha and Shanks in their individual capacities.

_____
UNITED STATES DISTRICT JUDGE